USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
UNITED STATES,  :
:
:
:
-v-  :
: 1:97-cr-786-GHW
:
MIGUEL GUZMAN,  : ORDER
:
Defendant. :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On April 26, 2023, Mr. Guzman filed a motion (the "Motion") requesting that the Court appoint counsel on his behalf under the Criminal Justice Act (the "CJA"). Dkt. No. 627. Mr. Guzman writes: "With all the new decisions handed by the Supreme Court and federal district court of appeals, I understand and believe that some of those decisions apply to me. However, I have no knowledge of the law nor do I know how to file motions. . . . I'm therefore, respectfully asking this court to appoint me an attorney in the interest of justice pursuant to the Criminal Justice Act for the purposes of exploring my appeal." The Motion does not identify any particular issue as to which he seeks redress and does not request any relief other than the request for the appointment of counsel.

The Motion is denied without prejudice. Mr. Guzman has been convicted and his conviction has been upheld on appeal. The CJA also permits the appointment of counsel "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). Thus, three principle factors to consider under § 3006A(2)(B) are whether (1) the applicant has brought an action for relief under one of the federal habeas statutes, 28 U.S.C. §§ 2241, 2254, or 2255; (2) the applicant is

financially eligible; and (3) the interests of justice require appointment of counsel. Mr. Guzman's application does not meet these threshold requirements. In particular, he has not brought an action for relief under any of the federal habeas statutes. The Court observes that he has already filed one habeas petition to challenge his conviction and sentence and that he has been advised by the Court regarding the requirements with respect to filing a second or successive petition. See Dkt. No. 590. And the interests of justice do not justify granting the application on the basis provided in the Motion: Mr. Guzman asks for the Court to appoint counsel to review his case to find potential grounds for appeal. But Mr. Guzman does not identify any particular concern regarding his conviction or sentence. And Mr. Guzman has had the opportunity to appeal and challenge his conviction in the past on direct appeal and collaterally. Therefore, the appointment of counsel to engage in such a plenary review without any identified issue for consideration would not be in the interests of justice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Mr. Guzman has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 627.

SO ORDERED.

Dated: July 17, 2023
New York, New York

GREGORY H. WOODS
United States District Judge