USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/21/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
UNITED STATES,                                                 :
                                                               :
                                                               :
                                                               :
        -v-                                                    :     1:97-cr-786-GHW
                                                               :
                                                               :
MIGUEL GUZMAN,                                                 :     ORDER
                                                               :
                                        Defendant.             :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On January 18, 2025, Mr. Guzman filed a letter requesting an update on the Court's review of a prior request for the appointment of counsel. Dkt. No. 630 (the "Letter"). The Court denied that request by order dated July 17, 2023. *See* Dkt. No. 629.

The Letter also asserts that Mr. Guzman may be serving a "disparate sentence." *Id.* at 1. In particular, Mr. Guzman asserts that he received a disparate sentence compared with his co-defendants in the case. *Id.* at 3 ("While I was charged and found guilty at trial with causing physical violence or injury unlike Brown, no one can't [sic] dispute that I am subject to disparate treatment compared to the circumstances that all my codefendants received."). Mr. Guzman complains that "it is my understanding that all my codefendants who pled guilty and/or were found guilty at trial received less prison sentences than what the PSI had recommended. However, I received every bit of what the PSI recommended." *Id.* at 5. Because Mr. Guzman is proceeding *pro se*, the Court construes the Letter as an application for compassionate release under 18 U.S.C. § 3582.

Mr. Guzman's request for compassionate release must be denied. Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and

compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

There is no suggestion in the Letter that Mr. Guzman has satisfied the statutory exhaustion requirement. However, the statutory exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release. Rather, § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government." *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). Because the requirement is not jurisdictional, the Court can waive the requirement. The Court does so here because it expects that an application to the Bureau of Prisons for early release by Mr. Guzman—a murderer, serving a term of life imprisonment plus 145 years—is likely to be futile. *See, e.g.*, *United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020) (quoting *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019)).

The Court does not believe that the asserted disparity in the sentences served by Mr. Guzman and his co-defendants is an "extraordinary and compelling" justification for his early release. The "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Mr. Guzman's desire for a sentence in line with other defendants who received lighter sentences is not extraordinary or compelling. There are many reasons why defendants receive different sentences. The Court observes that in this case Mr. Guzman was proven at trial to be "the head" of the gang whose members were prosecuted in this case. *United States v. Guzman*, 7 F. App'x 45, 49 (2d Cir. 2001). That the head of the gang received a greater sentence than others involved in the conspiracy does not support a finding of extraordinary or compelling circumstances for compassionate release.

Moreover, even if the Court had found that Mr. Guzman had demonstrated extraordinary and compelling circumstances for his early release, the Court does not believe that a reduction in his sentence is appropriate now after considering the factors set forth in 18 U.S.C. § 3553(a). That is because Mr. Guzman's crimes were exceptionally serious. As the Second Circuit described when affirming Mr. Guzman's original conviction: "The evidence at trial showed that Guzman was the head of a Bronx gang called Power Rules that sold crack and heroin, and committed, or attempted to commit, numerous murders." *United States v. Guzman*, 7 F. App'x at 49 (2d Cir. 2001) (summary order). "After a three-month trial in the Southern District of New York, Guzman was convicted of RICO and racketeering conspiracy, based on numerous racketeering acts including murder and attempted murder, narcotics conspiracy and extortion conspiracy, as well as various counts under 18 U.S.C. § 1959 and 18 U.S.C. § 924(c)." *Id.* Releasing Mr. Guzman now would not impose a just punishment, and would be inconsistent with the other goals of the statute—including the need for personal and general deterrence. Because the 3553(a) factors do not weigh in favor of early release for Mr. Guzman, his application for compassionate release is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Mr. Guzman has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to mail a copy of this order, together with the Court's order filed at Dkt. No 627 to Mr. Guzman.

SO ORDERED.

Dated: January 21, 2024
      New York, New York

                                                  GREGORY H. WOODS
                                               United States District Judge